UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MERCEDES KURTIS, ) | |
|     Plaintiff, ) | |
| ) | |
|   v. ) | CAUSE NO.: 4:23-CV-66-TLS-JEM |
| ) | |
| EQUIFAX INFORMATION SERVICES LLC ) | |
| and STUDENT COLLECTIONS, LLC, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Pleading [DE 34], filed on April 17, 2024. Plaintiff requests that the Court grant her leave to file a second amended complaint dropping one of her claims against Defendant Equifax.

**I.   Background**

This action for claims arising out of the Fair Credit Reporting Act was filed in state court on July 7, 2023, and was removed to this Court on July 31, 2023, on the basis of federal question jurisdiction. On February 15, 2024, a preliminary pretrial conference was held setting deadlines, including a fact discovery deadline of June 28, 2024, since extended to September 30, 2024, and a deadline of March 22, 2024, for motions to amend pleadings. Plaintiff filed the instant motion to amend on April 17, 2024, arguing that discovery has not uncovered evidence to support her claim that Equifax sold reports with the allegedly inaccurate information about Plaintiff's credit described in her Complaint.

On the same day as her motion to amend, Plaintiff also filed a motion to remand this case to state court. Equifax filed a combined response to the two motions on May 14, 2024, and on May

1

21, 2024, Plaintiff filed a combined reply. Although the arguments are intertwined in the parties' briefs, the instant Opinion only addresses the motion to amend, and the motion to remand will be handled by Judge Theresa L. Springmann by separate order.

## II. Analysis

Plaintiff seeks leave to amend her complaint to remove her claim under 15 U.S.C. § 1681e(b) that Equifax sold reports to third parties including inaccurate information about Plaintiff. Defendant objects to the proposed amendment because it was filed after the deadline for Plaintiff to move for leave to amend.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a party are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

Defendant argues that Plaintiff's motion was untimely, since it was filed a few weeks after the March 22, 2024, deadline to seek leave to amend. However, the Rule 30(b)(6) deposition, at which Plaintiff ascertained that Equifax's position is that it did not sell a consumer report

concerning Plaintiff to any third party, occurred after the deadline to seek leave to amend had passed. Although Plaintiff does not explicitly seek leave to have the deadline extended, *see* N.D. Ind. L.R. 6-1, she could not have moved to amend prior to the expiration of the deadline. Soon after the deposition, Plaintiff informed Equifax that she would be seeking to amend her complaint, and filed the instant motion a few weeks later. The Court finds that Plaintiff acted with diligence in pursuing amendment and concludes that there is good cause for the brief extension, which will not cause prejudice to Equifax. Defendant does not give any other reason why the complaint should not be amended, and amendment is the proper method for dismissing a claim. *See Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case."). Defendant will not be prejudiced by the omission of a claim against it, and Plaintiff has not acted with undue delay or bad faith.

### III.   Conclusion

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Leave to Amend Pleading [DE 34] and **ORDERS** Plaintiff to file the amended complaint, currently on the docket as an attachment to the instant Motion, by **July 5, 2024**.

SO ORDERED this 26th day of June, 2024.

s/ John E. Martin_____
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record