UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MERCEDES KURTIS,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC and STUDENT COLLECTIONS, LLC,<br><br>Defendants. | CAUSE NO.: 4:23-CV-66-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Remand [ECF No. 35], filed on April 17, 2024. As set forth below, the Court grants the motion because the Plaintiff lacks Article III standing to bring the claims in her Second Amended Complaint in federal court.

**BACKGROUND**

On July 7, 2023, Plaintiff Mercedes Kurtis filed an Amended Complaint [ECF No. 4] against Defendants Equifax Information Services LLC (Equifax) and Student Collections, LLC, in the Tippecanoe County, Indiana, Circuit Court, alleging tort claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681i, 1681e(b), and 1681s-2(b), as well as the Fair Debt Collection Practices Act (FDCPA) related to disputed information contained in the Plaintiff's credit file. In addition, the Plaintiff alleged that "Equifax sold one or more credit reports to a third party which included the inaccurate credit information" disputed by the Plaintiff. Am. Compl. ¶ 18, ECF No. 4.

On July 31, 2023, Equifax filed a Notice of Removal [ECF No. 1] pursuant to 28 U.S.C. § 1441 based on original federal question jurisdiction under 28 U.S.C. § 1331. On August 7, 2023, Equifax filed an Answer [ECF No. 8]. On August 17, 2023, Equifax filed an Amended

Notice of Removal [ECF No. 12] with leave of Court. On August 28, 2023, Equifax filed an Amended Answer [ECF No. 13].

On April 17, 2024, the Plaintiff filed a Motion to Amend Complaint [ECF No. 34] as well as the instant Motion to Remand [ECF No. 35]. Both motions were fully briefed. At the time of removal, the Plaintiff's Amended Complaint alleged that Equifax had sold the Plaintiff's credit report to third parties. Subsequently, counsel for Equifax represented that Equifax had not sold the Plaintiff's credit report, and Equifax's Rule 30(b)(6) deponent testified that a review of the file revealed no evidence that the inaccurate data complained of was shared with a third party. *See* Pl. Br. 4–5, ECF No. 36. As a result, the Plaintiff moved to file a second amended complaint to drop the claim under 15 U.S.C. § 1681e(b) that Equifax sold her report containing inaccurate information to third parties and to proceed solely on her claim under 15 U.S.C. § 1681i regarding Equifax's reinvestigation procedures. The proposed Second Amended Complaint also dropped the FCRA claim against Student Collections, LLC.

The Court granted leave to amend, ECF No. 45, and the Plaintiff filed the Second Amended Complaint on June 28, 2024, bringing tort claims against Equifax under the FRCA, 15 U.S.C. § 1681i, and against Student Collections, LLC, under the FDCPA, ECF No. 46. As for damages, the Plaintiff alleges that Equifax's conduct caused her "stress," *id.* ¶ 3, and she seeks "punitive and actual damages including for emotional distress, pre-and post-judgment interest, fees and costs," *id.* at p. 25.

## ANALYSIS

In her motion to remand, the Plaintiff contends that she no longer has Article III standing to have the claims in her Second Amended Complaint heard in federal court because her only

2

alleged damages are emotional damages from stress, which the Seventh Circuit Court of Appeals has held is not a concrete injury in fact for purposes of standing.

Article III of the United States Constitution, which limits the jurisdiction of federal courts to cases and controversies, requires, in part, that a plaintiff have "standing" to bring her claims. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires showing that "(1) the plaintiff suffered a concrete and particularized injury in fact; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable judicial decision." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020) (citing *Lujan*, 504 U.S. at 560–61). An injury only confers standing to sue if it is an "injury in fact," which means it must be "concrete, particularized, and actual or imminent." *Patterson v. Howe*, 96 F.4th 992, 996 (7th Cir. 2024) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021)); *Brown v. CACH, LLC*, 94 F.4th 665, 667 (7th Cir. 2024) ("Injury is essential to standing, even when a statute entitles the plaintiff to collect damages without quantifying loss." (citing cases)). The burden to establish these elements is on the party invoking the federal court's jurisdiction. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018).

Relevant to the specific claims here, a mere violation of the FRCA or the FDCPA, by itself, does not necessarily cause an injury in fact. *TransUnion*, 594 U.S. at 433–34 (FCRA); *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021) (FDCPA). "Rather, to fulfil the injury in fact requirement, the violation must have harmed or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect." *Markakos*, 997 F.3d at 780 (cleaned up). "Though 'traditional tangible harms, such as physical harms and monetary

3

harms,' most readily qualify as concrete injuries, '[v]arious intangible harms can also be concrete.'" *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021) (quoting *TransUnion*, 594 U.S. at 425). However, the Seventh Circuit has "expressly rejected 'stress' as constituting concrete injury" for purposes of an FCRA or FDCPA violation. *Id.* at 668 (citing *Pennell v. Glob. Tr. Mgmt.*, 990 F.3d 1041, 1045 (7th Cir. 2021)) (FDCPA); *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1191 (7th Cir. 2021) ("Even if stress can be fairly labeled a dignitary harm, it is not a concrete injury." (citing *Wadsworth*, 12 F.4th at 668–69)) (FCRA). It is also insufficient for a plaintiff to be "annoyed" or "intimidated," to "experience 'infuriation or disgust' or 'a sense of indignation,'" to be in a "state of confusion," or to experience "anxiety" or "embarrassment." *Wadsworth*, 12 F.4th at 668–69 (citing cases); *see also Deboard v. Solid Rock Properties, LLC*, No. 1:22-CV-435, 2024 WL 1344761, at *2 (N.D. Ind. Mar. 29, 2024) (citing *Wadsworth*, 12 F.4th at 668–69)).

In her Second Amended Complaint, the Plaintiff alleges that Equifax's conduct caused her "stress," and she seeks "actual damages including for emotional distress." Under the Seventh Circuit law set forth above, the emotional damages from "stress" are insufficient to constitute an injury in fact necessary to confer standing under Article III of the United States Constitution.[1] Equifax, the party seeking federal court jurisdiction, has not identified any cognizable injury in fact that would confer standing on the Plaintiff for her FCRA claim against Equifax. While physical manifestations of emotions can be concrete injuries, as noted by Experian, the Plaintiff has not made any such allegations. *Cf. Gilbert v. TrueAccord Corp.*, 608 F. Supp. 3d 656, 664 (N.D. Ill. 2022) (finding evidence that the plaintiff was so angry "she began to shake" a sufficient concrete injury in fact for purposes of standing (citing *Pennell*, 990 F.3d at 1045)).

---

[1] The Court also recognizes that the Plaintiff's "mere" request for "'actual damages' in the complaint's prayer for relief does not establish Article III standing." *Collier*, 889 F.3d at 896 (citing cases).

4

Similarly, while providing a misleading credit report to a third party is sufficient for standing because the dissemination constitutes a concrete injury—namely "reputational harm," the Plaintiff's Second Amended Complaint dropped her claim that Equifax sold her credit report to a third party. *TransUnion*, 594 U.S. at 432–33; *see also Freeman v. Ocwen Loan Servicing, LLC*, — F.4th —, —, 2024 WL 3381718, at *4–5 (7th Cir. July 12, 2024) (addressing requirements for standing for a FDCPA claim based on reputational harm).

Thus, remand is required because the Plaintiff alleges no concrete harm. Other courts recently faced with similar FCRA or FDCPA claims that fail to allege a concrete injury as defined by the Seventh Circuit have remanded for lack of Article III standing, albeit with skepticism about the availability of a remedy on remand in state court. *See Smith v. Experian Info. Solutions, Inc.*, No. 22-CV-6825, 2023 WL 9169673, at *2–3 (N.D. Ill. Dec. 22, 2023); *Hustedt v. Hunter Warfield, Inc.*, No. 4:21-CV-59, 2022 WL 214483, at *6 (N.D. Ind. Jan. 24, 2022);[2] *Keller v. LVNV Funding, LLC*, No. 22-CV-942, 2022 WL 7501335, at *1–2 (N.D. Ill. Oct. 13, 2022). While a plaintiff disclaiming Article III injury involves a "strange procedural posture" as the defendant is left to insist the plaintiff suffered damages, remand is nonetheless required. *See, e.g., Hustedt*, 2022 WL 214483, at *3; *Keller*, 2022 WL 7501335, at *1.

Equifax argues that if the Plaintiff claims "any recovery for an injury" on remand, the Court should rule that the Plaintiff would be responsible for paying Equifax's attorney fees if Equifax removes the case back to federal court. Def. Resp. 10–11, ECF No. 41. First, the Plaintiff is not claiming that she suffered *no* injury; she is claiming that she suffered an emotional harm, for which she will likely seek damages on remand, if available.[3] Second, this

---

[2] On remand, the state court docket in *Hustedt* shows the case set for trial for June 4, 2024. *See Hustedt-Mai v. Hunter Warfield, Inc.*, 79C01-2106-CT-000084 (Tippecanoe Cir. Ct.).
[3] This Court has no authority to dictate the state court proceedings on remand. *See Collier*, 889 F.3d at 897 ("We have no basis to order these plaintiffs how to plead their case in state court after remand.

5

Court declines to make a preliminary ruling on attorney fees related to a subsequent removal. In the future, Equifax may choose to seek fees supported by proper authority at the appropriate time.

Equifax also notes that the Second Amended Complaint continues to use the word "reported," citing allegations in the pleading that the "tradeline was reporting in Ms. Kurtis' credit file," that the Plaintiff contends "she does not owe the amount reported," that "Equifax continued reporting the disputed Student Collections LLC tradeline," and that Equifax "indicated the balance is being reported correctly, and still reporting the disputed Student Collections LLC tradeline." Def. Resp. 7 (citing ECF No. 35-1, ¶¶ 12, 28, 36, 64, 66, 150). Equifax contends these allegations preclude remand, citing, without discussion, *Buell v. Experian Information Solutions, Inc.*, No. 1:22-CV-14, 2022 WL 1166713 (N.D. Ind. Apr. 20, 2022). However, *Buell* is distinguishable because the court found that allegations in the complaint "could fairly be read to allege that Defendants reported inaccurate credit information *to third parties*." *Id.* at *1 (emphasis added). In contrast, the Plaintiff's Second Amended Complaint explicitly dropped her § 1681e(b) claim that Equifax sold the Plaintiff's credit report to third parties based on Experian's Rule 30(b)(6) deposition and counsel's representations.

Finally, in a footnote without citation to law, Equifax argues that there is "federal jurisdiction" based on the Plaintiff's claims against Defendant Student Collections, LLC under the FDCPA for "illegally attempt[ing] to collect payment for a non-existent debt, etc." Def. Resp. 7 n.2. Indeed, "[f]ederal law does not permit a district judge to remand the complete litigation just because portions belong in state court." *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010). "If some parts of a single suit are within federal jurisdiction, while

---

Further, a state's standing doctrine is 'the business' of its own courts; 'it is not for [this court] to venture how the case would there be resolved.'" (citation omitted)).

6

others are not, then the federal court must resolve the elements within federal jurisdiction and remand the rest—unless the balance can be handled under the supplemental jurisdiction." *Id.* (citing 28 U.S.C. §§ 1367(c)(3), 1441(c)). Nevertheless, it is not enough for the Court to have federal question jurisdiction over the claim against Student Collections, LLC under 28 U.S.C. § 1331 "because federal courts have subject-matter jurisdiction only if constitutional standing requirements also are satisfied." *Collier*, 889 F.3d at 896 (citations omitted); *Int'l Union of Operating Eng'rs, Loc. 139 v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020) ("If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed . . . ." (citation omitted)). Standing must be established for each claim and each form of relief asserted by the Plaintiff. *TransUnion*, 594 U.S. at 431 (citations omitted); *see also United States v. Furando*, 40 F.4th 567, 575 (7th Cir. 2022) (citation omitted).

Again, the only injury alleged in the Second Amended Complaint is the stress caused by Equifax, and the Plaintiff only seeks "punitive and actual damages including for emotional distress, pre-and post-judgment interest, fees and costs." Equifax makes no attempt to show how the Plaintiff has Article III standing for the FDCPA claim against Student Collections, LLC, and the Court cannot discern any concrete injury in fact alleged against Student Collections, LLC. As discussed above, a claim under the FDCPA that alleges only a procedural violation and does not allege a cognizable injury in fact does not confer Article III standing. *See Wadsworth*, 12 F.4th at 668. Regarding debt collection practices, the Seventh Circuit explained that "an FDCPA violation might cause harm if it . . . alters a plaintiff's response to a debt." *Patterson*, 96 F.4th at 998 (quoting *Markakos*, 997 F.3d at 780). "For example, a plaintiff might suffer an injury if a misleading debt collection practice 'leads her to pay something she does not owe, or to pay a debt with interest running at a low rate when the money could have been used to pay a debt with

7

interest running at a higher rate.'" *Id.* (quoting *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020)). Therefore, remand of the claims against both Equifax and Student Collections, LLC for lack of Article III standing is required.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Plaintiff's Motion to Remand [ECF No. 35]. The Clerk of Court is directed to remand this matter to the Tippecanoe County, Indiana, Circuit Court.

SO ORDERED on July 18, 2024.

    s/ Theresa L. Springmann
    JUDGE THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT